UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FIRE-DEX, LLC, | ) | CASE NO. 1:23-cv-1612 |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| ADMIRAL INSURANCE CO., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Counter-Claimant. | ) | |

Before the Court is Admiral Insurance Company's ("Admiral") motion to strike collateral estoppel arguments in the Fire-Dex, LLC's ("Fire-Dex") reply to its motion to remand or, in the alternative, motion for leave to file a sur-reply. (Doc. No. 11.) Fire-Dex timely responded in opposition. (Doc. No. 12.) For the reasons stated below, the request to strike and leave to file a sur-reply are DENIED.

**I.     Background**

Fire-Dex manufactures personal protective equipment for firefighters. (Doc. No. 1-1 at 12, ¶ 7.) Fire-Dex purchased two commercial general liability insurance policies from Admiral, which covered January 1, 2014 through January 1, 2016 (collectively the "Policies"). The Policies "generally provide occurrence-based coverage to Fire-Dex for bodily injury and property damage suffered by third parties with limits of $1,000,000 per occurrence and 2,000,000 in the aggregate." (*Id.* at 13, ¶ 12.)

In February 2022, Fire-Dex was named as one of several defendants in lawsuits brought by firefighters and their spouses ("underlying lawsuits"). (*Id.* ¶¶ 13, 14.) The plaintiffs in these suits "allege that Fire-Dex and the other defendants manufactured, sold, or distributed products containing" perfluoroalkyl and polyfluoroalkyl compounds, commonly known as "PFAS." (*Id.*

at 14, ¶ 15.)  These lawsuits were transferred and consolidated in a federal multidistrict litigation in the District of South Carolina.  (*Id.* ¶ 18 (citing *In re Aqueous Film-Forming Foams (AFFF) Prod. Liab. Litig.*, No. 2:19-mn-02873 (D.S.C.)).)  Fire-Dex tendered these lawsuits to each of its primary and excess insurers, including Admiral, requesting they provide a defense and indemnity.  (*Id.* ¶ 16.)  All of Fire-Dex's insurers, with the exception of Admiral, agreed to defend Fire-Dex.  (*Id.* ¶ 17.)

On June 21, 2022, Admiral filed a declaratory judgment action in this District.  (*Id.* at 14-15, ¶ 20 (citing *Admiral Ins. Co. v. Fire-Dex, LLC*, No. 1:22-cv-1087-PAB).)  Admiral filed a motion to dismiss, arguing that the court should exercise its discretion under the Declaratory Judgment Act to decline jurisdiction.  *Admiral Ins. Co. v. Fire-Dex, LLC*, No. 1:22-CV-1087-PAB, 2022 WL 16552973, at *3 (N.D. Ohio Oct. 31, 2022) ("*Admiral I*").  The Court evaluated each of the *Grand Trunk* factors and declined jurisdiction.  *See id.*  This ruling was affirmed on appeal.  *See Admiral Ins. Co. v. Fire-Dex LLC*, No. 22-3992, 2023 WL 3963623, *3 (6th Cir. June 13, 2023) ("*Admiral II*").

On July 21, 2023, Fire-Dex filed a complaint in the Medina County Court of Common Pleas seeking declaratory judgment that "Admiral is obligated to (a) defend Fire-Dex in the Underlying Lawsuits, and (b) indemnify Fire-Dex for any damages Fire-Dex is legally obligated to pay to the Underlying Plaintiffs in the Underlying Lawsuits."  (Doc. No. 1-1 at 20, ¶48.)  Fire-Dex's complaint also includes one count for breach of contract and one count for bad faith.  (*Id.* at 20-22, ¶¶ 49-63.)  Specifically, Fire-Dex's breach of contract claim alleges that "Admiral has breached its obligations to Fire-Dex by refusing to defend and/or indemnify Fire-Dex in the underlying lawsuits" and seeks specific performance.  (*Id.* at 20, ¶ 52; *id.* at 21, ¶ 54.)  For its bad faith claim, Fire-Dex alleges that Admiral "failed to conduct a good faith investigation into

Fire-Dex's claims" before denying coverage. (*Id.* at 21, ¶ 58.) Consequently, Fire-Dex "incur[red] unnecessary expenses in challenging this decision" and was forced "to defend against" Admiral's declaratory judgment action. (*Id.*) Fire-Dex's complaint seeks declaratory judgment, as well as compensatory and punitive damages. (*Id.* at 22-23.)

Admiral removed the action to this Court on August 18, 2023. (Doc. No. 1.) Thereafter, Admiral answered and pleaded counterclaims against Fire-Dex. (Doc. No. 6.) Fire-Dex then moved to remand this action to state court or, alternatively, to remand the declaratory judgment claims and stay damages claims. (Doc. No. 8.)

Admiral now moves this Court to strike *collateral estoppel* arguments in Fire-Dex's reply or, alternatively, to submit a sur-reply. (Doc. No. 11.) The sur-reply is attached as Exhibit A. (Doc. No. 11-1.) Fire-Dex opposed the motion. (Doc. No. 12.)

II.     **Analysis**

Challenges to an opposing party's improper arguments should generally be raised in opposition or in reply—not by way of a separate motion to strike. *See Sec'y of Dept' of Labor v. United Transp. Union*, No. 1:17 CV 923, 2020 U.S. Dist. LEXIS 265677, 2020 WL 13505569, at *2 (N.D. Ohio Mar. 27, 2020). "Although Rule 12(f) only applies to pleadings, a court has 'the inherent authority to strike non-pleadings in order to manage its docket.'" *A.B. Pratt & Co. v. Bridgeport Grp., LLC*, No. 1:22-CV-1579-PAB, 2023 U.S. Dist. LEXIS 62708, 2023 WL 2865640, at *13 (N.D. Ohio Apr. 10, 2023) (quoting *Taylor v. JP Morgan Chase Bank, N.A.*, No. 3:15-cv-509-HBG, 2018 U.S. Dist. LEXIS 188020, 2018 WL 5777497, at *3 (E.D. Tenn. Nov. 2, 2018)). And while the Court has discretion to strike information in non-pleadings, "motions to strike are generally disfavored and should be granted only when the material at issue has no

3

possible relation to the controversy." *HLFIP Holding, Inc. v. Rutherford Cnty.*, No. 3:19-cv-00714, 2020 U.S. Dist. LEXIS 209863, 2020 WL 6484254, *2 (M.D. Tenn. Sept. 13, 2020).

The decision in *Admiral I*, and the Sixth Circuit's affirmance of that decision in *Admiral II*, were raised in Fire-Dex's motion for remand (Doc. No. 8 at 899, 905) and addressed in Admiral's opposition (Doc. No. 9 at 926-30). Thus, there is no basis to strike arguments reiterated in Fire-Dex's reply. Additionally, Fire-Dex's *collateral estoppel* arguments are related to the matter presently being resolved by this Court, namely jurisdiction and remand.

Admiral alternatively seeks leave to file a sur-reply. Sur-replies are "highly disfavored, as they usually are a strategic effort by the non-moving party to have the last word on a matter." *Loomis v. Unum Grp. Corp.*, 539 F. Supp. 3d 898, 904-05 (E.D. Tenn. 2021) (citing *Crenshaw v. Portfolio Recovery Assocs., LLC.*, 433 F. Supp. 3d 1057, 1063 (W.D. Ky. 2020)). That said, a sur-reply may be warranted when a new matter is raised on reply. *Id*. But even then, it is within the Court's discretion to permit the filing of a sur-reply. *Id*. The prospect of *collateral estoppel* was not raised for the first time in Fire-Dex's reply, contrary to Admiral's position. Additionally, further briefing on the application of *collateral estoppel* will not aid the Court in its assessment of Fire-Dex's motion for remand.

### III.     Conclusion

For the reasons stated herein, Admiral's motion to strike the *collateral estoppel* arguments in Fire-Dex's reply in support of its motion to remand or, alternatively, submit a sur-reply (Doc. No. 11) is DENIED.

IT IS SO ORDERED.

Date:  August 9, 2024

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE